IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TRINA CHRISTENSEN,<br><br>        Defendant. | Case No. CR-08-59-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On June 12, 2008, the Court ordered the defendant, Trina Christensen, committed to the custody of the Attorney General to determine mental competency to stand trial pursuant to 18 U.S.C. § 4241 (Docket No. 57). Upon receipt of the psychiatric evaluation performed by Dr. Ann Elizabeth Walker Card at the Bureau of Prisons, the Court held a competency hearing on January 29, 2009. At the hearing, the Court determined that the defendant was not competent to stand trial, but ordered restorative treatment. This Order memorializes that decision.

## ANALYSIS

Counsel jointly requested that the Court hold a competency hearing as to defendant Trina Christensen. The Court is required to hold such a hearing where

**Memorandum Decision and Order - 1**

evidence raises sufficient doubt or a "bona fide doubt" as to a defendant's competence to stand trial. *Mendez v. Knowles*, 535 F.3d 973, 987 (9th Cir. 2008) (citing *Drope v. Missouri*, 420 U.S. 162, 172 (1975). The Supreme Court has not established a specific standard with respect to the quantum of evidence necessary to create "sufficient doubt," but it has instructed the trial courts to consider the following factors: (1) evidence of her irrational behavior; (2) her demeanor at trial; and any prior medical opinion on competence. *Id.* (citing *Drope*, 420 U.S. at 180-81.). Some courts have also suggested that the trial court may consider an express doubt by the accused's attorney. *Doughty v. Grayson*, 397 F.Supp.2d 867, 875 (E.D.Mich. 2005).

    In this case, the Court was presented with two psychiatric exams prepared by two separate evaluators. The first report, prepared by Dr. John Christensen when the defendant was being held on state charges early last year, suggests that the defendant is not competent to stand trial. The second report, prepared by Dr. Ann Elizabeth Walker Card at this Court's request, essentially finds that the defendant's performance on the competency exam was most similar to an individual who is mentally retarded and incompetent to stand trial. However, Dr. Card also states in her report that there is sufficient data to warrant a recommendation for the Court to consider competency restoration for the defendant. Counsel also raised concerns

**Memorandum Decision and Order - 2**

about the defendant's competency.

Under these circumstances, the Court determined that there was "sufficient doubt" as to the defendant's competency, and that a hearing was therefore warranted. At the hearing, the defendant, Dr. Christensen, and Dr. Card each testified. The expert testimony essentially mirrored their reports, and the testimony of the defendant reflected the accuracy of those reports.

The Supreme Court has explained that competency to stand trial involves "the capacity [of a defendant] to understand the nature and object of the proceedings against [her], the defendant's ability to consult with counsel, and the defendant's ability to assist in preparing [her] defense." *Drope*, 420 U.S. at 171. A defendant is competent to stand trial if she has "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding, and [if she] has a rational as well as factual understanding of the proceedings against [her]." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

After reviewing the reports, hearing the expert testimony, and observing the defendant at the competency hearing, the Court determined that although the defendant seems to have a very basic understanding of the nature and object of the proceedings against her, she clearly lacks the ability to consult with her defense attorney in any meaningful way or with a reasonable degree of rational

**Memorandum Decision and Order - 3**

understanding. However, the Court agrees with Dr. Card's suggestion that the defendant is a good candidate for restorative treatment. Accordingly, the Court finds the defendant incompetent to proceed with trial at this time, but will order restorative treatment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the defendant, Trina Christensen, is incompetent to stand trial at the present time.

IT IS FURTHER ORDERED that the defendant, Trina Christensen, be committed to the custody of the Attorney General for a period not to exceed 120 days for the purpose of undergoing restorative treatment pursuant to [18 U.S.C. § 4241](#).

IT IS FURTHER ORDERED that the United States Marshal's Service shall transport the defendant, Trina Christensen, to a facility designated by the Federal Bureau of Prisons at a date and time designated by the Federal Bureau of Prisons.

IT IS FURTHER ORDERED that the pre-trial and trial dates currently scheduled in this matter shall be VACATED. The Court will set a new trial date if

necessary after conducting a second competency hearing once the defendant has undergone her restorative treatment.



DATED: **January 30, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**